UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY DAVID SMITH, #397186,

        Plaintiff,

v.

CASE NO. 23-12703
HONORABLE MARK A. GOLDSMITH

BRIAN MADERY, et al.,

        Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND PARTIALLY DISMISSING IT

### INTRODUCTION

Michigan prisoner Larry David Smith ("Smith"), currently confined at the G. Robert Cotton Correctional Facility ("JCF") in Jackson, Michigan, has filed a pro se complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), as well as a motion to amend/supplement that complaint (with the supplemental pleading attached). (Dkt. 4). In his pleadings, he raises six claims concerning: (i) alleged interference with his legal and regular mail, possible retaliation, his disciplinary proceedings, and the lack of response to his grievances, (ii) his access to medications and medical care, (iii) & (iv) his dental care, (v) his vision care, and (vi) his access to the courts/law library. All relevant events occurred while he was confined at JCF, the Michigan Reformatory ("RMI") in Ionia, Michigan, the Cooper Street Correctional Facility ("JCS") in Jackson, Michigan, and/or the Bellamy Creek Correctional Facility ("IBC") in Ionia, Michigan. He names numerous Defendants.[1] He sues them in their individual and official capacities and seeks monetary

---

[1] They include: JCF mailroom staff Brian Madery, D. Brassfield, and Jennifer Norder, JCF

damages. The Court has granted Smith leave to proceed without prepayment of the filing fee for this action. (Dkt. 3).

## MOTION TO AMEND/SUPPLEMENT COMPLAINT

In Smith's motion to amend/supplement his complaint, he seeks to identify certain Defendants more accurately and to supplement his claims. Under the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of course within 21 days after serving it or within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Because service has not yet been effectuated and a responsive pleading has not yet been filed, Smith has the right to amend his complaint. Accordingly, the Court grants Smith's motion to amend. The complaint, as amended/supplemented, is the version the Court will consider for initial review.

## MISJOINDER

Because Smith's complaint involves multiple claims and multiple Defendants, the issue of misjoinder arises. Federal Rule of Civil Procedure 21 authorizes a federal district court to sua sponte dismiss or sever parties and claims in a civil action based upon misjoinder. Rule 21 provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its

---

Prison Counselor Kellogg, JCF Resident Unit Manager Ulch, JCF Grievance Coordinator Thomas Cobb, JCF Lieutenant Johnson, JCF Assistant Deputy Warden White, JCF Warden Noah Nagy, JCF Deputy Warden Jimmy Jarrett, JCF Dentist Gloria Smith, JCF Nurse Stacy Lee, JCF Pharmacy Assistant Jeannine Van Densen, JCF Nurses Cheri Brown, Sirena Landfair, Theresa Gutowski, Christina Russell, Stacy Baker, Sophia Bradley, and Kala Hiestand, JCF Dental Assistant Rebecca Bradley, JCF and JCS Dental Assistant Sarah Arden, RMI Dental Assistant Jennifer Hanline, RMI and IBC Dentist Doohak Kim, RMI Dentist Richard Yoo, JCS Dentist Heather L. Hays, JCS Dental Assistants Kayla Stark-Matheny, Sue A. Bidwell, and Kayla Brindle, JCF Health Unit Manager Kristin Maxson, JCS Dentist and Dental Director Jong Choi, JCF Dental Assistants Amanda Dugan and Ashley Duncan, JCS Nurse Jodi Nakata, JCS employee A. Tingley, JCS Nurses Kristen E. Brown and Jene A. Brehn, JCS Law Librarians Susan Kruger and Rose, JCS Assistant Deputy Warden K. Morgel, John Does and Jane Roes.

> own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21; see also Michaels Bldg. Co. v. Ameritrust Co., N.A., 848 F.2d 674, 682 (6th Cir. 1988) ("Parties may be dropped ... by order of the court ... of its own initiative at any stage of the action and on such terms as are just.").

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966). This does not mean, however, that parties should be given free rein to join multiple plaintiffs or multiple defendants into a single lawsuit when the claims are unrelated. See Pruden v. SCI Camp Hill, 252 F. App'x 436, 437 (3d Cir. 2007) (per curiam); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (ruling that a prisoner may not join in one complaint all of the defendants against whom he may have a claim, unless he satisfies the dual requirements of Rule 20(a)(2)); Proctor v. Applegate, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (same, adopting magistrate judge's report). Prisoners should also not be allowed to proceed with multiple defendant litigation on unrelated claims in order to circumvent the filing fee requirements for federal civil actions or the PLRA's three strikes provision. George, 507 F.3d at 607.

The joinder rules must also be considered. Federal Rule of Civil Procedure 18 governs the joinder of claims and Federal Rule of Civil Procedure 20 governs the permissive joinder of parties. Rule 18(a) provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Rule 20(a)(2) addresses when multiple defendants may be joined in one action. It provides:

> Persons -- ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

3

occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). When multiple parties are named, the analysis under Rule 20 precedes that under Rule 18. Proctor, 661 F. Supp. 2d at 778. Thus, when joining multiple defendants in a single action, the two-part test of Rule 20(a)(2) must be met.

In this case, Smith does not meet the two-part test of Rule 20(a)(2) for the joinder of multiple defendants. His second through sixth claims,[2] which concern his medical care, dental care, vision care, and access to the courts, do not arise out of the same transaction, occurrence, or series of transactions or occurrences as his first claim,[3] which concerns alleged interference with his regular and legal mail, possible retaliation, disciplinary proceedings, and the lack of response to related grievances. The second through sixth claims concern different facts, different legal standards, different Defendants, and, for some claims, different venues than the first claim. Given such circumstances, the Court finds that joinder of the multiple claims and multiple Defendants in one civil rights action is inappropriate.

The remaining question is whether severance or dismissal of the mis-joined parties and claims is warranted.[4] As discussed, Federal Rule of Civil Procedure 21 gives the Court discretion to invoke either remedy "on just terms." Several federal courts have interpreted "on just terms"

---

[2] Defendants for those claims are Smith, Lee, Van Densen, Brown, Landfair, Gutowski, Russell, Baker, Bradley, Hiestand, Bradley, Arden, Hanline, Kim, Yoo, Hays, Stark-Matheny, Bidwell, Brindle, Maxson, Choi, Dugan, Duncan, Nakata, Tingley, Brown, Brehn, Kruger, Rose, Morgel, and John Does and Jane Roes.

[3] Defendants for this claim are Madery, Brassfield, Norder, Kellogg, Ulch, Cobb, Johnson, White, Nagy, and Jarrett.

[4] Dismissal of the entire action for misjoinder is not permitted. Fed. R. Civ. P. 21.

4

to mean "without gratuitous harm to the parties." See Harris v. Gerth, No. 08-CV-12374, 2008 WL 5424134, *5 (E.D. Mich. Dec. 30, 2008) (citing cases). Given that no harm to the parties is apparent from the record, and given the various claims, Defendants, and venues involved in the mis-joined claims, the Court finds that dismissal, rather than severance, of the second through sixth claims and their corresponding defendants is the more appropriate course of action. Accordingly, the Court will dismiss those claims and those Defendants from this case based upon misjoinder.

## SCREENING OF THE REMAINING COMPLAINT

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Early screening of a complaint by the Court is required—either before docketing or as soon as practicable thereafter—to determine if a prisoner complaint seeking relief against government entities, officers, and employees is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992).

A pro se complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic

5

Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions.  Twombly, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (i) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (ii) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-157 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009).

Smith's claims against Defendants White, Nagy, and Jarrett are subject to dismissal.  It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability.  Monell v. Department of Social Svs., 436 U.S. 658, 691-692 (1978); Everson v. Leis, 556 F.3d 484, 495 (6th Cir. 2009); Turner v. City of Taylor, 412 F.3d 629, 643) (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).

Here, Smith fails to allege facts demonstrating the direct personal involvement of Defendants White, Nagy, and Jarrett in the alleged improper conduct.  He does not allege facts

explaining what they personally did or did not do to violate his constitutional rights. Any assertion that those Defendants (or any Defendant) failed to supervise an employee, should be vicariously liable for another's conduct, and/or did not sufficiently respond to the situation are insufficient to state a claim under § 1983. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); see also Martin v. Harvey, 14 F. App'x 307, 309 (6th Cir. 2001). All claims asserting that those Defendants should be liable for another person's conduct fail to state a claim upon which relief may be granted and must be dismissed.

Smith asserts other claims, apparently grounded in the First Amendment or the Due Process Clause, against those Defendants that also must be dismissed, i.e. claims that they violated his constitutional rights by failing to investigate his claims, failing to respond to his complaints, and/or denying his grievances. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. While a prisoner has a First Amendment right to file grievances against prison officials, Herron v. Harrison, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. Smith v. Arkansas State Hwy. Employees, Local 1315, 441 U.S. 463, 464-465 (1979); Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). An inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. Walker v. Michigan Dep't of Corr., 128 F. App'x 441, 445 (6th Cir. 2005); Argue v. Hofmeyer, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases).

7

The failure to investigate another person's alleged constitutional violation "do[es] not constitute 'active constitutional behavior' as required and thus, [is] not actionable" under § 1983. Frodge v. City of Newport, 501 F. App'x 519, 532 (6th Cir. 2012) (quoting Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, a prison official's purported failure to investigate or take corrective action does not constitute personal involvement in the underlying alleged unconstitutional conduct. See Knop v. Johnson, 977 F.2d 996, 1014 (6th Cir. 1992). Smith's only allegations against Defendants White, Nagy, and Jarrett involve their failure to respond to his complaints. He thus fails to state a claim upon which relief may be granted against those Defendants and his claims against them must be dismissed. See Carlton v. Jondreau, 76 F. App'x 642, 644 (6th Cir. 2003); Proctor, 661 F. Supp. 2d at 766-767.

Smith's complaint must also be dismissed, in part, on the basis of sovereign immunity. Smith sues the remaining Defendants, Madery, Brassfield, Norder, Kellogg, Ulch, Cobb, and Johnson, who are all employees of the Michigan Department of Corrections and thereby the State of Michigan, in their official capacities and seeks monetary damages as relief. The Eleventh Amendment bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity applies to state employees who are sued in their official capacities. See Colvin v. Caruso, 605 F.3d 282, 289 (6th Cir. 2010).

"The State of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," Johnson v. Unknown Dellatifa, 357 F.3d 539, 545 (6th Cir. 2004) (punctuation modified), and Congress did not abrogate state sovereign immunity when it passed § 1983. Chaz

8

Const., LLC v. Codell, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies," but does not preclude prospective injunctive relief. McCormick v. Miami Univ., 693 F.3d 654, 661-662 (6th Cir. 2012) (punctuation modified). Because the above-named Defendants are employees of the State of Michigan who are sued both in their official and individual capacities, they are entitled to Eleventh Amendment immunity for official capacity claims other than prospective injunctive relief. See Johnson, 357 F.3d at 545. Smith's claims for monetary damages and any relief, other than prospective injunctive relief, against those Defendants in their official capacities must be dismissed.

## SURVIVING CLAIMS AND DEFENDANTS

Smith also asserts individual capacity claims concerning alleged interference with his regular and legal mail, possible retaliation, and his disciplinary proceedings (as set forth in claim one) against Defendants Madery, Brassfield, Norder, Kellogg, Ulch, Cobb, and Johnson. Construed liberally, these claims state potential, plausible claims for relief under § 1983. For example, Smith alleges that one or more of those Defendants "repeatedly interfered with [his] incoming and outgoing mail (legal and regular)" in violation of his First Amendment rights … and retaliated against [him] for protected activity, such as for filing valid grievances…and for filing a successful [misconduct] appeal." (Dkt. 1, PageID.20). He also alleges that Defendants Cobb and Johnson retaliated against him by issuing a misconduct charge against him. (Dkt. 4, PageID.99). Consequently, these claims are not subject to dismissal at this time.

## CONCLUSION

For the reasons stated, the Court concludes that Smith's second through sixth claims

9

concerning his medical care, dental care, vision care, and access to the courts, are mis-joined in the complaint. The Defendants for those claims are Smith, Lee, Van Densen, Brown, Landfair, Gutowski, Russell, Baker, Bradley, Hiestand, Bradley, Arden, Hanline, Kim, Yoo, Hays, Stark-Matheny, Bidwell, Brindle, Maxson, Choi, Dugan, Duncan, Nakata, Tingley, Brown, Brehn, Kruger, Rose, Morgel, and John Does and Jane Roes. Accordingly, the Court dismisses those claims and those Defendants from this case based upon misjoinder. This dismissal is without prejudice to Smith filing one or more civil rights actions concerning those matters in accordance with the federal rules.

The Court also concludes that Smith fails to state a claim upon which relief may be granted under § 1983 against Defendants White, Nagy, and Jarrett in his complaint. Accordingly, the Court dismisses with prejudice those Defendants and any claims against them.

The Court further concludes that the remaining Defendants, Madery, Brassfield, Norder, Kellogg, Ulch, Cobb, and Johnson, are entitled to Eleventh Amendment immunity as to some claims. Accordingly, the Court dismisses Smith's claims for monetary damages and any relief, other than prospective injunctive relief, against those Defendants in their official capacities.

The Court further concludes that Smith's claims concerning alleged interference with his regular and legal mail, possible retaliation, and his disciplinary proceedings (as set forth in claim one) survive the initial screening process. Those are individual capacity claims against Madery, Brassfield, Norder, Kellogg, Ulch, Cobb, and Johnson. While Smith may or may not prevail on those claims, he states potential claims for relief such that those claims and those Defendants are not subject to summary dismissal.

Finally, the Court concludes that an appeal from this order cannot be taken in good faith.

See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

    SO ORDERED.

Dated: April 15, 2024

                                    s/Mark A. Goldsmith  
                                    MARK A. GOLDSMITH  
                                    UNITED STATES DISTRICT JUDGE