UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LARRY DAVID SMITH, | Case No. 2:23-cv-12703 |
| *Plaintiff,* | Robert J. White |
| v. | United States District Judge |
| BRIAN MADERY, et al., | Patricia T. Morris |
| | United States Magistrate Judge |
| *Defendants.* | |

_____/

### ORDER CONSTRUING PLAINTIFF'S REQUEST (ECF No. 16) AS A MOTION AND GRANTING IN PART PLAINTIFF'S MOTIONS REGARDING FILING FEE (ECF Nos. 5, 16, 29)

This is a civil rights action under 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and his application to proceed without prepaying costs has been granted.

Before the Court are three motions (ECF Nos. 5, 16, 29) related to the Court's February 2, 2024 order granting Plaintiff's application to proceed without prepaying costs and fees (ECF No. 3). The order provided that Plaintiff would have an initial fee of $14.30 withdrawn from his prisoner trust fund account and thereafter would have monthly payments withdrawn amounting to "twenty percent (20%) of the preceding month's income credited to[his] account." (*Id.*). The withdrawals would stop once Plaintiff paid the "entire filing fee of $402." (*Id.*).

Plaintiff raises two issues in his motions. First, he alleges that the Michigan Department of Corrections ("MDOC") incorrectly interpreted the order by

1

withdrawing a monthly payment during the month Plaintiff's initial payment was withdrawn. (ECF Nos. 5, 29). Second, he argues that the order erroneously included an administrative fee that a prisoner proceeding *in forma pauperis* ("IFP") is not supposed to pay. (ECF Nos. 16, 29).

As to the first issue, the MDOC's administration of prisoner trust accounts, including how it sets up automated withdrawals for filing fees, is out of the Court's purview. Thus, Plaintiff's request for the Court to order the MDOC to issue him a refund for $14.02 is **DENIED**.

With respect to the second issue, Plaintiff is correct that he should not have been ordered to pay an administrative fee. Under 28 U.S.C. § 1914, parties must "pay a filing fee of $350" for most civil actions, and administrative fees added to that amount do not apply to "applications for a writ of habeas corpus *or to persons granted in forma pauperis status under 28 U.S.C. § 1915*." 28 U.S.C. § 1914, District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020) (emphasis added). Other courts in this circuit have noted that plaintiffs proceeding IFP should only pay the $350 civil filing fee. *See Kilbourn v. Washington*, No. 23-13008, 2024 WL 3297679, at *1 (E.D. Mich. June 5, 2024) (citing *Williams v. Burton*, No. 3:22-CV-00777, 2023 WL 3807032, at *1 n.1 (M.D. Tenn. June 2, 2023); *Dunlap v. Fish*, No. 3:23-CV-00154, 2023 WL 4919661, at *1 (M.D. Tenn. Aug. 1, 2023); *Hall v. Scioto Cnty. Jail*, No. 1:23-CV-524, 2023 WL 5748792, at *1

(S.D. Ohio Sept. 6, 2023), *adopted*, 2023 WL 7091372 (S.D. Ohio Oct. 26, 2023)); Order Granting Plaintiff's Motion at 87, *McDuff v. Jones*, No. 4:23-cv-11739 (E.D. Mich. Jan. 7, 2025).

Therefore, the Clerk is hereby **ORDERED** to immediately **REFUND** to Plaintiff any amount that he has paid in excess of $350. The MDOC is also **ORDERED** to end withdrawals once it has remitted $350 to the Court.

**IT IS SO ORDERED.**

Date: January 23, 2025                              S/PATRICIA T. MORRIS
                                                    Patricia T. Morris
                                                    United States Magistrate Judge