**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| LARRY DAVID SMITH, | Case No. 2:23-cv-12703 |
| *Plaintiff,* | Robert J. White |
| v. | United States District Judge |
| BRIAN MADERY, et al., | Patricia T. Morris |
| *Defendants.* | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION
TO GRANT DEFENDANT JOHNSON'S MOTION FOR SUMMARY
JUDGMENT ON THE BASIS OF EXHAUSTION (ECF No. 32)
AND
TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR
LEAVE TO FILE SECOND SUPPLEMENTAL COMPLAINT (ECF No. 43)**

**I.    RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that the Court **GRANT** Defendant Timothy Johnson's motion for summary judgment on the basis of exhaustion. (ECF No. 32). It is further **RECOMMENDED** that the Court **GRANT IN PART** Plaintiff's motion for leave to file a second supplement to his complaint to the extent that he seeks to add additional factual allegations and **DENY IN PART** the motion to the extent that he seeks to join N. Barnall as a defendant under Fed. R. Civ. P. 15(d). (ECF No. 43). If adopted, Plaintiff's claims against Johnson would be **DISMISSED WITHOUT PREJUDICE**. Further, Plaintiff is advised that if the

1

relevant recommendations are adopted, the Undersigned intends to direct him to file a comprehensive first amended complaint that sets forth all relevant facts and surviving claims from the original complaint, the first supplement, and the second supplement.

## II. REPORT

### A. Background

Plaintiff Larry D. Smith is a prisoner in the custody of the Michigan Department of Corrections ("MDOC"). Plaintiff brings claims under 42 U.S.C. § 1983 for violations of his constitutional rights. In broad terms, Plaintiff allegations concern reoccurring problems with his mail and being retaliated against by MDOC officials. (ECF No. 1, PageID.1–2; ECF No. 8, PageID.157—58). Defendants are all MDOC employees. (*Id.*). Plaintiff has already supplemented his complaint as a matter of right pursuant to Fed. R. Civ. P. 15(a)(1). (ECF Nos. 4, 6).

### B. Grievance Process

The MDOC provides a three-step, internal process for prisoners to raise formal complaints, outlined in Policy Directive 03.02.130. (ECF No. 32-2, PageID.286–93). At step one, a prisoner must "attempt to resolve the issue with the staff member involved within two business days" and, if unsuccessful, must file a "grievance" within five business days. (*Id.* at PageID.289). A prisoner's step one grievance must include the "[d]ates, times, places, and names of all those involved

in the issue being grieved . . . ." (*Id.* at PageID.290). If the inmate is dissatisfied with the disposition of the step one grievance or does not receive a response fifteen days after the due date, then he may file a step two grievance using the appropriate form. (*Id.* at PageID.291). Similarly, if the inmate is dissatisfied with the step two response or does not receive a response within fifteen days after the response was due, he has ten days to file a step three grievance. (*Id.* at PageID.292).

With regard to grievances arising from a misconduct hearing, the MDOC Policy Directives provide:

> The prisoner is grieving a decision made in a Class II or Class III misconduct hearing, including property disposition, and issues directly related to the hearing process (e.g., sufficiency of witness statements, timeliness of misconduct review, timeliness of hearing). Prisoners are provided an appeal process for Class II and Class III decisions pursuant to PD 03.03.105 "Prisoner Discipline." However, if the prisoner wishes to pursue a claim that retaliation is the basis for a Class II or III misconduct, they must file a grievance on the sole issue of retaliation, and it shall not be rejected as a grievance on the hearing decision.

(*Id.* at PageID.287).

On November 6, 2023, Defendant Cobb issued Plaintiff a misconduct ticket for insolence after Plaintiff called Cobb's step two response to one of Plaintiff's grievances "idiotic." (ECF No. 8, PageID.170; ECF No. 32-3, PageID.332). The misconduct of "insolence" is a Class II violation. (ECF No. 8, PageID.170). On November 11, 2023, Hearing Officer Johnson conducted a hearing on the misconduct ticket where Plaintiff admitted that he wrote the words in question.

3

Because of this admission, Johnson found Plaintiff guilty of the ticketed offense. (*Id.* at PageID.171). On November 22, 2023, Plaintiff filed an appeal of Johnson's hearing decision. (*Id.* at PageID.172). At no point in his appeal does Plaintiff allege that Johnson issued his decision in retaliation for any past action.

On November 15, 2023, Plaintiff filed a new grievance against Cobb, alleging that Cobb issued the misconduct ticket to Plaintiff in retaliation for Plaintiff's prior grievances. (ECF No. 8, PageID.175). MDOC issued a rejection of Plaintiff's new grievance, which was upheld at the step two and step three appeals. (*Id.* at ECF No. 8, PageID.178-79). There is no mention of Johnson in any step of that grievance.

Plaintiff filed his complaint on October 25, 2023, which he supplemented to include Johnson in Count 1 of his original complaint seeking relief from interference with his receipt of prison mail. (ECF Nos. 1; ECF No. 8, PageID.152). Because a prisoner is required under the Prisoner Litigation Reform Act ("PLRA") to properly exhaust his administrative remedies before filing a lawsuit, Johnson argues by way of affirmative defense that Plaintiff's claims against him are barred for failure to exhaust his administrative remedies against Johnson before suing him. (ECF No. 32).

C.   **Standards of Review**

Summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

4

as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that would affect "the outcome of the suit under the governing law. . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there . . . are any genuine factual issues that properly can be resolved only by a finder of fact . . . ." *Id.* at 249–50, 255. Accordingly, "the evidence, all facts, and any inferences that may be drawn from the facts" must be viewed "in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004). The nonmoving party cannot rebut a Rule 56 motion by merely alleging that a genuine factual dispute exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 n.3 (1986) (quoting Fed. R. Civ. P. 56(e)). Instead, the nonmoving party must show that there is sufficient evidence in the record for "a reasonable finder of fact could find in its favor." *Anderson*, 477 U.S. at 248.

The party moving for summary judgment bears the initial burden of establishing the absence of a genuine dispute of material fact. *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir.1991). So even where a summary judgment motion is unopposed, the Court still must scrutinize the motion to determine whether the moving party has met its burden. *Id.* And where, as here, the moving party bears the burden of proof, they bear an "initial summary judgment burden [that] is higher in that [they] must show that the record contains evidence satisfying [their] burden

5

of persuasion" and "that no reasonable jury would be free to disbelieve it." *Surles v. Andison*, 678 F.3d 452, 455–56 (6th Cir. 2012).

As to the motion to supplement, Fed. R. Civ. P. 15(d) provides that "[o]n motion or reasonable notice, the court may . . . permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." "As the plain language of the rule indicates, 'supplemental pleadings, not amended pleadings, are intended to cover matters occurring after the original complaint was filed.' " *Harrison v. Burt*, No. 2:07-CV-11412, 2008 WL 4058288, at *1 (E.D. Mich. Aug. 28, 2008) (quoting *United States ex rel. Kinney v. Stoltz*, 327 F.3d 671, 673 n.4 (8th Cir. 2003)).

"The standard for granting leave to supplement under Rule 15(d) is identical to the standard governing leave to amend under Rule 15(a)." *Id.* (citing *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002)). "Rule 15(d) affords courts the same level of discretion to permit supplements that Rule 15(a) affords to permit amendments." *Pharms v. Washington*, No. 1:22-CV-9, 2022 WL 3754502, at *7 (W.D. Mich. Aug. 30, 2022) (citing 6A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1504 (3d. ed. Westlaw Aug. 2019 Update)). In turn, Rule 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." Notwithstanding, leave may be denied if the proposed

6

amendment would be futile. *Groulx v. People's Republic of China*, No. 22-11369, 2022 WL 17291405, at *3 (E.D. Mich. Nov. 28, 2022) (Lawson, J.) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "In fact, a court *should* deny a motion for leave to amend when the proposed amendment would be futile." *Id.* (citing *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)) (emphasis added).

Generally, "the same standard of review and rationale, abuse of discretion, apply to a motion to supplement under Fed. R. Civ. P. 15(d) as to a motion to amend under Fed. R. Civ. P. 15(a)." *Glenn v. Corizon Med., Inc.*, No. 2:17-CV-10972, 2020 WL 1921658, at *4 (E.D. Mich. Apr. 21, 2020) (internal citations and punctuation omitted), *objections overruled sub nom. Glenn v. Corizon Healthcare, Inc.*, 2020 WL 3867279 (E.D. Mich. July 9, 2020). However, while the grant of a motion to amend or a denial of same based on grounds other than futility is reviewed for abuse of discretion, the determination that a proposed amendment is futile is a dispositive matter. *See Antonacci v. KJT Grp., Inc.*, No. 21-CV-6578L, 2022 WL 1656787, at *2 (W.D.N.Y. May 25, 2022) ("[S]ince a finding that amendment should be denied on the ground of futility amounts to a conclusion that the proposed amendment would not withstand a motion to dismiss under Rule 12(b)(6), the decision can be said to be dispositive of the proposed new claim.") (citing *HCC, Inc. v. R H & M Mach. Co.*, 39 F.Supp.2d 317, 321-22 (S.D.N.Y. 1999)). Therefore, the Undersigned will proceed by Report and Recommendation.

**D.     Discussion**

   **1.     Summary Judgment (ECF No. 32)**

Johnson moves for summary judgment arguing that Plaintiff "did not exhaust any claims against Lt. Johnson because he did not allege retaliation by Lt. Johnson when he appealed the misconduct ticket," which is the method of exhaustion that Johnson posits was required before Plaintiff could bring a claim against Johnson alleging that his hearing decision was retaliatory. (ECF No. 32, PageID.263).

Under the PLRA, prisoners may not bring actions against prison officials to challenge the conditions of their confinement without first exhausting their administrative remedies. 42 U.S.C. § 1997e(a) (2018); *Porter v. Nussle*, 534 U.S. 516, 523 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). And not only must prisoners exhaust their administrative remedies before filing a complaint, but they must do so "properly," meaning that they must "compl[y] with an agency's deadlines and other critical procedural rules . . . ." *Woodford v. Ngo*, 548 U.S. 81, 90, 92 (2006). The Supreme Court has held that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances. We leave it to the court below in the first instance to determine the sufficiency of the exhaustion in these cases." *Jones v. Bock*, 549 U.S. 199, 219 (2007). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the

8

PLRA, that define the boundaries of proper exhaustion." *Id.* at 219. The Sixth Circuit has "explained that a prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA— when he does not specify the names of each person from whom he seeks relief." *Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017).

In this case, the administrative exhaustion process applicable to Plaintiff's grievable claims is governed by MDOC Policy Directive 03.02.130, "Prisoner/Parolee Grievances" (eff. date Sept. 25, 2023). Johnson argues that pursuant to MDOCPD 130 the sole means of exhaustion for a claim arising from a decision on a misconduct ticket is by way of administrative appeal. (ECF No. 32, PageID.279). Paragraph 11 of the policy provides that a grievance will be denied if

> [t]he prisoner is grieving a decision made in a Class II or Class III misconduct hearing, including property disposition, and issues directly related to the hearing process (e.g., sufficiency of witness statements, timeliness of misconduct review, timeliness of hearing). Prisoners are provided an appeal process for Class II and Class III decisions pursuant to PD 03.03.105 "Prisoner Discipline." However, if the prisoner wishes to pursue a claim that retaliation is the basis for a Class II or III misconduct, they must file a grievance on the sole issue of retaliation, and it shall not be rejected as a grievance on the hearing decision.

(ECF No. 32-2, PageID.288).

Here, Johnson's decision was first announced orally at the misconduct hearing conducted on November 11, 2023. (ECF No. 8, PageID.171). The record indicates that the written misconduct hearing report was issued on November 21, 2023. (*Id.*

9

at PageID.172). MDOC policy states that a prisoner found guilty at a Class II misconduct hearing may submit an appeal within 15 days of receiving a hearing officer's written decision. MDOC Policy Directive 03.03.105, ¶ YYY. Plaintiff's appeal from the misconduct hearing was stamped as received on November 22, 2023. (ECF No. 8, PageID.172).

The form on which Plaintiff wrote his appeal contains a list of instructions to assist prisoners in complying with the requirements for appeal. Specifically, the "Class II and Class III Misconduct Appeal" form instructs appellants that "this form must be submitted within 15 calendar days after receipt of the hearing officers written decision" and directs appellants to "[a]ttach a copy of misconduct and hearing report." (*Id.*). In his appeal, Plaintiff stated his claim as follows, in its entirety:

> At the so-called "hearing" Lt. Johnson said he was finding me guilty, but he refused to tell me the punishment period and I never received a copy of the completed hearing report. Both of the foregoing are in violation of P.D. 03.03.105 at para. M(6) and para. VV. A copy of the conduct report is attached. Nothing I stated meets the definition of insolence and it does not even come close to the examples given of it. I told Lt. Johnson that my words were NOT intended to degrade or harass Mr. Cobbs [sic]. I merely stated the truth - no reasonable, intelligent person would claim JCF mail room staff lack authority and control over what said staff does in the mail room period the misconduct report itself is a blatant violation of P.D. 03.02.130 at para. R and was unjustly put against me by Mr. Cobbs [sic] in retaliation for previous grievances I have filed against him. Mr. Cobbs [sic] is harassing me!

(ECF No. 8, PageID.172). The appeal was disapproved by the warden that same day

10

because there was "[n]o copy of the hearing report [provided]." (*Id.*).

Plaintiff argues that his appeal was in compliance with MDOC Policy Directive 03.03.105 and was improperly denied. (ECF No. 39, PageID.425). While Plaintiff acknowledges that he submitted his appeal without attaching a copy of the hearing report, he blames Johnson for "fail[ing] to timely send Plaintiff a copy of the decision (then the appeal was denied because the decision was not attached)." (*Id.*).

Plaintiff does not argue, nor does the record otherwise suggest, that Johnson was required to provide a copy of the hearing report to Plaintiff within a specific amount of time. There is no dispute that inmates who have been found guilty in a misconduct hearing must submit their appeals within 15 days after receiving a written hearing report. There is also no dispute that Plaintiff filed his appeal eleven days after the hearing, but before receiving a copy of the written hearing report, and that he thus could not and did not attach the required written hearing report to his appeal form. Nonetheless, Plaintiff takes issue with how long it took for him to receive a copy of the written hearing report.

Plaintiff included an attachment to his supplemental complaint styled "Warden Forum Meeting" and dated May 31, 2023, which appears to be a list of inmate concerns and the warden's response to those concerns. One of those concerns states:

11

> Prisoners are not timely receiving the Hearing Reports on misconduct tickets from the Hearing Investigator. An appeal must be filed within 30 days but appeals are being rejected as untimely because the Report and Appeal form are not sent to the prisoner within 30 days will the warden please correct this?

(ECF No. 8, PageID.173). The response from the warden states, "we will share your concerns with the Office of Legal Affairs, hearing division." (*Id.*). Plaintiff appears to have written "Note: 15 day deadline for Class II reports." (*Id.*). However, there is no indication in the MDOC Policy Directives that Plaintiff's 15 days to appeal began to toll until he received the Hearing Report.

"This court requires an inmate to make 'affirmative efforts to comply with the administrative procedures,' and analyzes whether those 'efforts to exhaust were sufficient under the circumstances.' " *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (quoting *Napier v. Laurel Cty.*, 636 F.3d 218, 224 (6th Cir. 2011)). In this case, Plaintiff filed his appeal before he received his written hearing report and thus failed to submit the report with his appeal as was required. Importantly, even if Plaintiff was under the mistaken impression that he had to file his appeal within 15 days of his hearing, he filed early. Moreover, even if he had waited to receive his hearing report before filing his appeal and thus had attached the hearing report, his appeal fails to make any claim that Johnson's decision was tainted by retaliation. Instead, Plaintiff's appeal only alleges that *Cobb issued the ticket with a retaliatory motive*. This does not exhaust a claim for retaliation against Johnson because it only

12

speaks to Cobb and his actions.

Under the circumstance of this case, it would be untenable to excuse both the procedural and substantive defects in Plaintiff's efforts to appeal Johnson's decision. The policies and the embedded instructions on the form are clear and plain. Nothing in any of the supporting documents before this Court indicates that Plaintiff ever placed MDOC on notice that he alleged any retaliatory conduct by Johnson. Without a proper appeal from the misconduct hearing alleging that someone besides Cobb was retaliating against Plaintiff via the misconduct ticket, there is no evidence that Plaintiff made the appropriate affirmative efforts to comply with the administrative exhaustion requirements with regard to his claims against Johnson. Permitting Plaintiff's claims to proceed against Johnson would prejudice Johnson and MDOC because it would require them to answer to claims that were never raised at the administrative level.

"At the end of the day, someone must carry the burden" of proving or disproving exhaustion, and the PLRA reflects Congress' judgment that "it is considerably easier for a prison administrator to show a failure to exhaust than it is for a prisoner to demonstrate exhaustion." *Lamb v. Kendrick*, 52 F.4th 286, 294–95, 298 (6th Cir. 2022) (cleaned up); *see also Napier*, 636 F.3d 218, 225 (6th Cir. 2011) (holding that the initial burden of proof to show a failure to exhaust administrative remedies lies with the defendants). Johnson has carried his burden here. He has

13

demonstrated that neither he nor MDOC were ever made aware by administrative remedy that Plaintiff alleged that Johnson engaged in retaliation in making his decision, and the attempt that Plaintiff made to appeal the decision was noncompliant. Accordingly, Plaintiff has failed to exhaust his administrative remedies as to Johnson, and the Undersigned thus recommends that Johnson's motion for summary judgment be granted.

## 2. Supplemental Complaint (ECF No. 43)

Plaintiff seeks leave to file a second supplement to his complaint to plead events occurring after he filed his first supplement and to add N. Barnall as a defendant to Count One. (ECF No. 43). A party must have consent from the other parties or leave of court in order to amend his complaint after a responsive pleading has been filed. Fed. R. Civ. P. 15(a). Leave is freely given, but courts may deny leave to amend when the amendment would be futile or cause undue delay which would result in unfair prejudice to the defendant. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Brooks v. Celeste,* 39 F.3d 125, 130 (6th Cir.1994). The longer the delay, the less prejudice the opposing party will be required to show. *Phelps v. McClellan,* 30 F.3d 658, 662 (6th Cir.1994).

Plaintiff seeks to add "N. Barnall (spelling?), the signature is unclear on expedited legal mail form receipts, and elsewhere)" who he claims is a "GOA in JCF mail room" to Count 1 of the Complaint. (ECF No. 45, PageID.500). Plaintiff

14

makes no other allegations about Barnall in his proposed "Supplement/Addition to Claim One" nor are there any allegations against Barnall in his previously filed grievances, complaint, or first supplement. (*Id.*).

To make a plausible claim of retaliation for the exercise of First Amendment rights, a plaintiff must allege three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

The retaliation claim against Barnall fails at the third prong of *Thaddeus-X*. As best as can ascertained from the proposed second supplement, Plaintiff alleges that because Barnall's name appears on various mail form receipts, Barnall is liable under Count One of the complaint in which Plaintiff alleges that MDOC staff interfered with his mail in retaliation for him filing various grievances. (ECF No. 1, PageID.20; ECF No. 45, PageID.500). In his motion, Plaintiff claims that the proposed second supplement "presents additional claims about events that occurred in, and after, November of 2024." (ECF No. 43, PageID.495). However, Plaintiff does not indicate which pieces of mail bore Barnall's name. Even more problematic is that Plaintiff fails to allege any action Barnall engaged in that interfered with Plaintiff's First Amendment rights. As pleaded, it is impossible to determine that

15

Barnall engaged in retaliatory action by signing off on receiving unspecified pieces of mail. Because Plaintiff has failed to plead a causal connection between Barnall's name appearing on receipts and the alleged interference with Plaintiff's timely receipt of mail as a form of retaliation for his grievances, the motion to supplement the Complaint to add this defendant to Count One is futile and can be denied on this ground under either Rule 15(a) or (d). Further, as discussed in the District Court's summary dismissal of White, Nagy, and Jarrett under 28 U.S.C. § 1915(e)(2)(B), Plaintiff "failed to allege facts demonstrating direct personal involvement of Defendants . . . in the alleged improper conduct. He does not allege facts explaining what they did personally or did not do to violate his constitutional rights." (ECF No. 6, PageID.144). The same is true of Barnall.

As to the additional instances of delayed mail which Plaintiff asserts have occurred during the pendency of this litigation, Plaintiff has not alleged any new cause of action nor do the additional instances significantly alter the facts of this case such that their inclusion would work a prejudice against the remaining defendants. The incidents alleged by Plaintiff in the proposed supplement occurred between November 26, 2024 and January 17, 2025. (ECF No. 45, PageID.501-03). Plaintiff filed his motion for leave to file a second supplement on March 6, 2025. (*Id.*). As such, there is no indication of undue delay. Accordingly, the Undersigned recommends that Plaintiff's motion to further supplement his complaint be granted

in part to the extent that his supplement seeks to add additional instances of delayed mail but denied in part to the extent that he seeks to add N. Barnall as a defendant to Count One.

### E. Conclusion

For these reasons, **IT IS RECOMMENDED** that the Court **GRANT** Johnson's motion for summary judgment on the basis of exhaustion. (ECF No. 32). It is further **RECOMMENDED** that the Court **GRANT IN PART** Plaintiff's motion for leave to file a second supplement to his complaint to the extent that he seeks to add additional factual allegations and **DENY IN PART** the motion to the extent that he seeks to join N. Barnall as a defendant. (ECF No. 43).

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise

17

others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 22, 2025                           s/PATRICIA T. MORRIS
                                              Patricia T. Morris
                                              United States Magistrate Judge