# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| LARRY DAVID SMITH, | Case No. 2:23-cv-12703 |
| *Plaintiff,* | Robert J. White |
| v. | United States District Judge |
| BRIAN MADERY, et al., | Patricia T. Morris |
| *Defendants.* | United States Magistrate Judge |
| _____/ | |

**ORDER
DIRECTING PLAINTIFF TO FILE
COMPREHENSIVE FIRST AMENDED COMPLAINT
AND
SETTING DEADLINE TO ANSWER FOR DEFENDANTS**

Plaintiff is a prisoner in the custody of the Michigan Department of Corrections ("MDOC") bringing claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. In broad terms, Plaintiff allegations concern reoccurring problems with his mail and being retaliated against by MDOC officials. (ECF No. 1, PageID.1–2; ECF No. 8, PageID.157–58). Defendants are all MDOC employees. (*Id.*). Plaintiff has already supplemented his complaint as a matter of right pursuant to Fed. R. Civ. P. 15(a)(1). (ECF Nos. 4, 6).

In her July 22, 2025 Report and Recommendation (R&R), the Undersigned advised Plaintiff "that if the relevant recommendations are adopted, the Undersigned

1

intends to direct him to file a comprehensive first amended complaint that sets forth all relevant facts and surviving claims from the original complaint, the first supplement, and the second supplement."  (ECF No. 48, PageID.525–26). Specifically, the Undersigned recommended that Plaintiff be granted leave to further supplement his complaint "to the extent that his supplement seeks to add additional instances of delayed mail."  (*Id.* at PageID.540–41).  The R&R has since been adopted.  (ECF No. 49).

Accordingly, Plaintiff is hereby **DIRECTED** to file a **comprehensive first amended complaint**—adhering to the above requirements as well as the general rules for pleadings—on or before **September 5, 2025**.  Defendants are **REQUIRED** to file either **joint or individual answers** on or before **September 19, 2025**.

Plaintiff is cautioned that failure to file a timely first amended complaint may result in a recommendation that the case be dismissed under the Court's inherent authority to dismiss an action for a party's failure to prosecute or obey a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962); Fed. R. Civ. P. 41(b); E.D. Mich. LR 42.

    **IT IS SO ORDERED.**

Date:  August 13, 2025                         s/PATRICIA T. MORRIS
                                                    Patricia T. Morris
                                                    United States Magistrate Judge