UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY DAVID SMITH,

    Plaintiff,

v.

BRIAN MADERY, et al.,

    Defendants.

Case No. 23-cv-12703

Honorable Robert J. White
Magistrate Judge Patricia T. Morris

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Larry Smith commenced this 42 U.S.C. § 1983 action against several Michigan Department of Corrections employees for violating, among other provisions, the First and Fourteenth Amendments to the United States Constitution. (ECF No. 1, PageID.18; ECF No. 8). The amended complaint alleges, among other things, interference with his legal and regular mail, possible retaliation, abuse of his disciplinary proceedings, and a lack of response to his grievances.

In its August 11, 2025 order, the Court accepted and adopted Magistrate Judge Patricia T. Morris's July 22, 2025 report and recommendation without receiving a timely objection from Smith. (ECF Nos. 48-49). The August 11, 2025 order (1) granted Lieutenant Timothy Johnson's motion for summary judgment on the basis

of exhaustion, and (2) granted in part and denied in part Smith's motion for leave to file a second supplemental complaint. (ECF No. 49, PageID.544-45). The order denied the motion for leave to supplement insofar as Smith sought to add "N. Barnall" as a defendant to his First Amendment retaliation claim (Count One). (*Id.*, PageID.545).

Smith now moves for, in effect, reconsideration of the August 11, 2025 order, claiming that he did not receive a copy of the magistrate judge's report and recommendation until August 20, 2025. (ECF No. 53, PageID.554). He objects solely to the portion of the report that recommended denial of his motion for leave to file a second supplemental complaint to add "N. Barnall" as a defendant to his First Amendment retaliation claim. (*Id.*, PageID.556-60). Because the MDOC employees do not challenge Smith's objections on timeliness grounds, the Court will address them on the merits.

District courts may "reconsider" a magistrate judge's decision on a non-dispositive "pretrial matter" only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *Day v. Colbry*, No. 10-13856, 2012 U.S. Dist. LEXIS 8557, at *1 n.1 (E.D. Mich. Jan. 23, 2012) (construing a motion to add defendants as a non-dispositive motion). "A factual finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

2

committed." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (cleaned up). "An order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (cleaned up).

The Court reviewed both the magistrate judge's report and recommendation and Smith's objections. The magistrate judge's ruling is not "clearly erroneous or contrary to law." The proposed amendment fails to establish a plausible causal connection between Barnall's name appearing on prison mail receipts and the alleged interference with Smith's timely receipt of mail as a form of retaliation for his past grievances. *See Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Nor are there plausible allegations demonstrating Barnall's personal involvement in the violation of Smith's constitutional rights. *See, e.g., Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). Accordingly,

IT IS ORDERED that Smith's motion for, in effect, reconsideration of the August 11, 2025 order (ECF No. 53) is denied.

IT IS FURTHER ORDERED that Smith's objections to the magistrate judge's July 22, 2025 report and recommendation are overruled.

4

Dated: December 29, 2025               s/ Robert J. White
                                                                Robert J. White
                                                                United States District Judge